IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JAMES M. MARTIN,

        Plaintiff,

VS.

ALPHONSO BARGE, *et al.*,

        Defendants.

NO. 1:09-CV-91 (WLS)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion to dismiss the complaint (Doc. 21). The motion is filed by defendants Warden Dannie Thompson and Dedra Edwards[1], both of whom were officials at Calhoun State Prison at all times relevant to this lawsuit.

Plaintiff was at all times relevant to this lawsuit confined at Calhoun State Prison; he alleges that defendants Thompson and Edwards opened his legal mail outside of his presence and thereby violated his constitutional rights to access of the courts and free speech.

Defendants assert that plaintiff has failed to exhaust administrative remedies.[2]

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or

---

[1] In a recommendation entered on July 8, 2009 (Doc. 11), it was recommended that all other defendants be dismissed from this action.

[2] Defendants also assert other grounds for dismissal; however, the undersigned is only addressing the ground of failure to exhaust administrative remedies. If the district judge to whom this case is assigned declines to accept this recommendation, the undersigned will then address the other grounds on their merits.

other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 914, 166 L.Ed.2d 798 (2007). Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). Because proper exhaustion is required under the PLRA, unexhausted claims cannot be brought in federal court. *Id*. at 84-85, 126 S. Ct. at 2382-83.

In *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. *Id*. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, then the complaint must be dismissed. *Id.* However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. *Id.* Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues … ." *Id*. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id*. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See *Bryant v. Rich*, 530 F.3d 1368, 1376-77 (11th Ci. 2008).

Defendants have submitted an affidavit from the Grievance Coordinator, Remika Christian, regarding plaintiff's use of the grievance process. According to her affidavit, the GDOC's grievance procedure is available to all offenders and provides an open and meaningful forum for their complaints, complaint resolution, and clear guidelines. (Doc. 21 Exh. 1 ¶ 7). Upon entering

2

the GDOC, each inmate receives an oral explanation of the grievance process and a copy of the Orientation Handbook that includes procedure instructions. (Id. at ¶ 8). Grievance forms are available in the control rooms of all living units or upon request from the inmate's counselor. (Id. at ¶ 9). The prison grievance process consists of the inmate first filing an informal grievance within 10 calendar days of the complained of event. (Id. at ¶ 11). The inmate's counselor has 10 calendar days to respond in writing. (Id.). If dissatisfied with the response, the inmate may file a formal grievance within five calendar days. (Id.). The Warden has 30 calendar days to respond and his denial may be appealed to the Commissioner within five business days. (Id.). The Commissioner's review is the final step that completes the process before a § 1983 lawsuit can be pursued. (Id.).

According to the affidavit of the Grievance Coordinator, plaintiff's grievance history reveals that although he filed eight grievances while incarcerated at CSP, none involved legal mail. (Doc. 21 Exh. 1 ¶¶ 12, 17). As to any mail-related grievance, Christian avers that plaintiff submitted informal grievance, GR 16380, on May 19, 2009. Plaintiff signed his complaint on May 5, 2009, and it was filed on May 8, 2009 (Doc. 1).

In GR 16380, Martin complained that on April 27 and May 14 "he received two letters at mail call [ ]; one letter was from April 27, 2009 which had been taped over broken tape and given to me as one mail call which made my personal mail 17 days late. Don't understand why my mail continue [sic] to be opened." (Doc. 21 Exh. 1 ¶ 18). Dissatisfied with the response to his informal grievance, plaintiff wrote in his formal grievance: "Upon receiving this letter, plaintiff noticed the letter from Ms. Barnes had been taped after opened, but never sent to prisoner. Prisoner received letter some 19 days later with new tape over the old. This issue was never discussed with prisoner by Counselor. This piece of evidence has been used in Martin's lawsuit to show the abuse of prisoner's mail." (Id. at ¶ 20). On August 13, the Warden denied Martin's appeal because he failed to present any evidence or specific information to provide for an in-

depth investigation. (Id.).

In his response to the motion, plaintiff admits that the "exhaustion date had not pass when the claim was filed." (Doc. 25, ¶ 9). Plaintiff states however that he submitted the informal grievance on May 14, 2009, not May 19, 2009 as stated by defendant. Regardless of which day it was filed, it was still filed after he filed this lawsuit. (Doc. 26, ¶ 5).

Plaintiff also states that responses to informal and formal grievances are too slow, and that is a reason, along with the merits of his case, as to why his failure to exhaust should be overlooked. Plaintiff states the officials in charge of the grievance process do not follow SOPs, sometimes do not accept or process informal grievances, and do not adequately investigate grievances, rendering them futile, and therefore "unavailable" for the purpose of exhaustion under the PLRA.

To the extent plaintiff argues that the prison system's grievance procedures were inadequate or that their pursuit would have proven futile, the Supreme Court and the Eleventh Circuit have already rejected his argument. See *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" (citation omitted)); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Alexander v. Hawk,* 159 F.3d 1321, 1326 (11th Cir. 1998) ("Since exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate.").

The undersigned finds that plaintiff has admitted that he has failed to exhaust his administrative remedies, as he filed this lawsuit before he submitted any informal grievance regarding the allegations in this complaint. Furthermore, plaintiff has not submitted any evidence that he has actually filed a grievance regarding the opening of his legal mail. Although plaintiff makes the argument that the grievance process is too slow, inadequate, and therefore

unavailable to him, he provides no evidence of such impediment to his access to the grievance process. Plaintiff has admitted that he has filed numerous other grievances, both informal and formal, while at Calhoun State Prison. Although plaintiff points out several incidents where the responses to the grievances were not as timely or as thorough as he would like, he has not shown that he was precluded from complying with the grievance procedure. Therefore the grievance procedure at Calhoun was not "unavailable" to him, and plaintiff was required to exhaust the administrative remedies.

Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process before initiating suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir.2000) ( *per curiam*); *see also Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir.1999).

Consequently, the undersigned finds that plaintiff did not exhaust his administrative remedies with regard to the allegations in this complaint, and therefore, his claim should be dismissed. It is the RECOMMENDATION of the undersigned that defendants' motion to dismiss plaintiff's complaint (Doc. 1), as amended (Docs. 7, 26), be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 14th day of July, 2010.

S//Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

msd