IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES M. MARTIN, | : |
| Plaintiff, | : |
| v. | : Case No. 1:09-CV-0091 (WLS) |
| Warden DANNIE THOMPSON and DEDRA EDWARDS, | : |
| Defendants. | : |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed July 14, 2010. (Doc. 29). It is recommended that Defendants' Motion to Dismiss (Doc. 21) for failure to exhaust administrative remedies be **GRANTED**. In response to Judge Langstaff's Recommendation, Plaintiff filed a Motion to Continue (Doc. 30) on July 29, 2010, which Judge Langstaff denied as moot (Doc. 32) on September 13, 2010, based on Plaintiff's subsequent—albeit untimely—August 18, 2010 Objection (Doc. 31) to Judge Langstaff's Recommendation.

In his Objection (Doc. 31), Plaintiff asserts that his exhaustion of administrative remedies against Defendants "wouldn't matter" due to his transfer to Wilcox State Prison from Calhoun State Prison. (*Id.*). He further appears to claim that several of his informal grievances were processed in a delayed fashion, that he should be allowed discovery, and that he should have received a hearing and another opportunity to exhaust administrative remedies. (*Id.*). These arguments, however, overlook Supreme Court and Eleventh Circuit precedent that "makes exhaustion [under the Prison Litigation Reform Act] a precondition to filing an action in federal court." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Nonetheless, Plaintiff,

1

by his own admission in his Objection, did not file an informal grievance until May 19, 2009, approximately ten days *after* filing the present action against Defendants on May 8, 2009 (*see* Doc. 1). (Doc. 31).

Notwithstanding Plaintiff's Objection (Doc. 31), however, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile," *see* Higginbottom, 223 F.3d at 1261, much like Plaintiff claims in his Objection. The Court also does not find merit in the arguments in Plaintiff's Objection (*id.*) given Plaintiff's procedural error in filing the Objection sixteen days after the deadline for parties' written objections to Judge Langstaff's Recommendation. Defendant can therefore establish no basis upon which the Court can disregard Judge Langstaff's findings that Plaintiff did not exhaust his administrative remedies prior to filing his Complaint in federal court. Accordingly, Plaintiff's Objection (Doc. 31) is **OVERRULED**. For the reasons stated, any failure to grant Plaintiff the requested continuance is of no consequence since any extension would not support a finding that Plaintiff had exhausted the administrative procedures, which he clearly did not do.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 29) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendants' Motion to Dismiss (Doc. 21) is **GRANTED**.

**SO ORDERED**, this  20th   day of September, 2010.

 /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**